# United States Court of Appeals
# for the Fifth Circuit

————————

No. 25-10766
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
March 16, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JANET JIMENEZ,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:21-CR-23-1

_____

Before HIGGINBOTHAM, ENGELHARDT, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Janet Jimenez pleaded guilty to possession with intent to distribute methamphetamine. On appeal, she contends that she received ineffective assistance of counsel when counsel failed to seek a U.S.S.G. § 2D1.1(b)(18) safety valve proffer or reduction on her behalf. The Government has filed a

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-10766

motion to dismiss, arguing that Jimenez's safety-valve claim is barred by the doctrine of issue preclusion.

Despite the Government's assertions to the contrary, Jimenez's safety-valve claim is not barred by the doctrine of issue preclusion because it is not identical to the ineffective assistance claim that Jimenez raised in her 28 U.S.C. § 2255 motion to vacate. *See Rabo Agrifinance, Inc. v. Terra XXI, Ltd.*, 583 F.3d 348, 353 (5th Cir. 2009). Moreover, we generally do not review claims of ineffective assistance on direct appeal. *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006). Jimenez did not raise her safety-valve claim before the district court on direct appeal, and the record does not provide sufficient detail to allow the court to assess counsel's effectiveness at this stage. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014). Accordingly, we decline to consider this claim, without prejudice to Jimenez's right to raise it on collateral review. *See id.*

Given the foregoing, we DENY the Government's motion to dismiss and AFFIRM the judgment of the district court.